Taylor C. Bartlett, N.J. Bar no. 142752015
Mark R. Ekonen
Heninger Garrison Davis, LLC
220 Saint Paul Street
Westfield, NJ 07090
Tel: 205-326-3336
taylor@hgdlawfirm.com
mark@hgdlawfirm.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON DIVISION**

| | |
|---|---|
| TAMMY DEVANE,<br><br>Plaintiff,<br><br>v.<br><br>CHURCH & DWIGHT CO, INC.,<br><br>Defendant. | Civil Action No.______________________<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

## CLASS ACTION COMPLAINT

Plaintiff, Tammy DeVane ("Plaintiff") brings this class action lawsuit on behalf of herself and others similarly situated against the Defendant Church & Dwight Co., Inc. ("Church & Dwight").

## INTRODUCTION

1. Church & Dwight is a large Delaware corporation who manufactures a wide variety of household products, including a line of multivitamin products under the Vitafusion and L'il Critters brand names. As part of the labeling for these products, Church & Dwight identifies its multivitamin products as being "complete" and containing the "essential" nutrients expressly on the products' packaging and labels.

2. Despite the representations and warranties contained on its products packaging and

labels, Church & Dwight's products are not, in fact, "complete" by any definition of the word as they are lacking several of the essential vitamins identified by the FDA as being necessary for human health. Specifically, these products all lack vitamin K, thiamin (vitamin B-1), and riboflavin (vitamin B-2), while many of the products additionally lack niacin (vitamin B-3).

3. Plaintiff therefore brings the following claims on behalf of herself and a nationwide class of purchasers of Defendant's Vitafusion and L'il Critters multivitamin products: (a) breach of express warranty, (b) breach of implied warranty, (c) violation of New Jersey Consumer Fraud Act; and (d) violation of Florida's Deceptive and Unfair Trade Practices Act.

**PARTIES**

4. Plaintiff Tammy DeVane is a person, domiciled and residing in the State of Florida. She is therefore a citizen of Florida.

5. Defendant Church & Dwight Co., is a Delaware corporation with its headquarters located at 500 Charles Ewing Boulevard, Ewing, New Jersey 08628. It is therefore a citizen of Delaware and New Jersey.

6. Church & Dwight is a major American manufacturer of household products that is best known for its Arm & Hammer line of products. It describes itself as a "a $3.5 billion company" and as one of the fastest growing Consumer Packaged Goods companies that has outpaced the Standard & Poor's by more than three times over the last 10 years." Church & Dwight's website identifies one of its "Guiding Principles" as being "compliance with ethical and applicable legal requirements," and states that its Guiding Principles "complement [its] commitment to comply with all other applicable legal, government, regulatory and professional requirements." Church & Dwight claims its reputation and integrity are "valuable corporate assets," and, to that extent, "[a]ny violation of [its] Guiding Principles or any dishonest, unethical

or illegal conduct will constitute grounds for disciplinary action up to and including termination."

## JURISDICTION AND VENUE

7. This Court has personal jurisdiction over Church & Dwight because it is both headquartered in and has its primary place of business in the State of New Jersey. Therefore, in accord with the Supreme Court's holding in *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. ___, 137 S. Ct. 1773, 1775 (2017), this Court has general personal jurisdiction over the Plaintiff's claims.

8. Federal subject matter jurisdiction is based upon 28 U.S.C. § 1332 in that the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which at least on member of the class is a citizen of a state different than that of the Defendant.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1), because a substantial part of the events and omissions giving rise to this action occurred in this District as Defendant owns and operates research, development, and corporate offices within this District and throughout New Jersey.

## FACTS COMMON TO ALL CLAIMS

### A. Vitamins B1, B2, B3 and K are "essential" nutrients required by the human body.

10. The FDA, in its 2009 publication "Fortify Your Knowledge About Vitamins," identified "13 vitamins that the body absolutely need," including vitamin K, vitamin B-1 (thiamin), vitamin B-2 (riboflavin) and vitamin B-3 (niacin). These same vitamins were further identified by the FDA in its regulations as being "essential in human nutrition." 21 C.F.R. 109(c)(8)(iv).

11. Every five years, the U.S. Department of Agriculture ("USDA") and the U.S.

Department of Health and Human Services ("DHHS") publish the "Dietary Guidelines for Americans."

12. The USDA and DHHS note that Americans as a whole "are not consuming healthy eating patterns." These poor eating habits have resulted in "[m]ore than two-thirds of adults and nearly one-third of children and youth [in America] [being] overweight or obese."

13. This failure to adhere to healthy eating patterns has, therefore, resulted in a large percentage Americans finding it difficult to meet their daily recommended intake for many of the essential vitamins without needing to pile on additional calories.

14. Accordingly, while the USDA and the DHHS recommend that "[i]ndividuals should aim to meet their nutrient needs through healthy eating patterns that include nutrient-dense foods," they also recognize that this isn't always practical and note that "dietary supplements may be useful in providing one or more nutrients that otherwise may be consumed in less than recommended amounts."

**B. Defendant markets its vitamin supplements as "complete multivitamins" despite knowing they do not contain many essential vitamins.**

15. All of the Vitafusion and L'il Critters multivitamin products at issue in this case—as well as their labels—are substantially similar.

16. Defendant advertises products in its Vitafusion Multivitamins and L'il Critters Multivitamin lines of products as being "complete multivitamins," despite the fact that Defendant knows said products do not contain all of the essential vitamins identified by the FDA in both its publications and regulations, including any vitamin K, thiamin, riboflavin and niacin.

17. For example, Defendant's Vitafusion Men's Multivitamin product is advertised as

being a "complete multivitamin dietary supplement."[1] Further, Defendant specifically advertises this product as including niacin (vitamin B3).[2] Despite this fact, however, the Men's Multivitamin product does not contain any vitamin K, thiamin, riboflavin or niacin.[3]

18. Another example, Defendant's L'il Critters Gummy Vites product is advertised as a "complete multivitamin" and a "dietary supplement."[4] Again, this product lacks any vitamin K, thiamin, riboflavin or niacin.[5]

19. Upon information and belief, this is a pattern repeated across all of Defendant's multivitamin products carried under its L'il Critters and Vitafusion brand names, including, but not limited to: L'il Critters Twisted Fruits[6]; L'il Critters Super Mario™ Power Ups Complete Multivitamins[7]; L'il Critters Despicable Me™ Complete Multivitamins[8]; Vitafusion Women's

---

[1] http://www.gummyvites.com/-/media/VMS/NewProducts/chd/Mens-1.jpg
[2] http://www.gummyvites.com/en/vitafusion/Supplement-Index?s=Vitamin%20B3:

Products which include: Vitamin B3










[3] http://www.gummyvites.com/-/media/VMS/vitafusion/Supplements/in/72012825.jpg
[4] http://www.gummyvites.com/-/media/VMS/lil-Critters/bottles/LC_GummyVites_Bottle-noct_Large.png
[5] http://www.gummyvites.com/-/media/VMS/New-Facts/LC-GV-190ct_72011784.gif
[6] Bottle: http://www.gummyvites.com/-/media/VMS/lil-Critters/bottles/lc-twisted-fruits.png; label: http://www.gummyvites.com/-/media/VMS/New-Facts/lc-twisted-fruits-suppl-facts.png
[7] Bottle: http://www.gummyvites.com/-/media/VMS/lil-Critters/bottles/LCLB-02684-04A_front.png; label: http://www.gummyvites.com/-/media/VMS/New-Facts/LC-SuppFacts-01-GumVites.gif
[8] Bottle: http://www.gummyvites.com/-/media/VMS/lil-Critters/bottles/LC_minions_large.png; label: http://www.gummyvites.com/-/media/VMS/New-Facts/LC-SuppFacts-01-GumVites.gif

Supercharged Multi[9]; and the Vitafusion MultiVites.[10]

20. Despite this, Defendant affirmatively labels and advertises these products as being "Complete" multivitamins containing the "Essential" vitamins and nutrients. Further, Defendant's labels fail to inform consumers, including Plaintiff and members of the putative class, that its products lacked some of the essential vitamins as described herein. A review of the labeling of these products fails to reveal that the products lacked any vitamins which the FDA deems to be "essential in human nutrition."

**PLAINTIFF SPECIFIC FACTS**

21. Plaintiff Tammy DeVane has been purchasing Defendant's L'il Critters Gummy Vites Complete Multivitamin products for at least six months, with refills approximately every three months.

22. The packaging and labeling of this product represents and warrants that it is a "Complete Multivitamin." Such representation and warranty is displayed prominently in the center of the packaging:

[9] This product does indicate that it contains niacin on the label. Bottle: http://www.gummyvites.com/-/media/VMS/NewProducts/chd/Womens-1.jpg; label: http://www.gummyvites.com/-/media/VMS/vitafusion/Supplements/in/72012826.jpg

[10] This product does indicate that it contains niacin on the label. Bottle: http://www.gummyvites.com/-/media/VMS/NewProducts/chd/MultiVites-(1).jpg; label: http://www.gummyvites.com/-/media/VMS/vitafusion/Supplements/in/72014160.jpg.




23. Based upon this representation and warranty, Plaintiff believed that the product was a complete multivitamin contained all the vitamins her grandchildren needed in them.

**CLASS ALLEGATIONS**

24. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure Rule 23. The Class which Plaintiff seeks to represent is composed of and defined as:

a. All persons in the United States (except citizens of California) who purchased L'il Critters Multivitamins and/or Vitafusion Multivitamins (the "Class").

b. A subclass of all Class members who purchased L'il Critters Multivitamins and/or Vitafusion Multivitamins in Florida (the "Florida Subclass")

c. A subclass of all Class members who purchased L'il Critters Multivitamins and/or Vitafusion Multivitamins in New Jersey (the "New Jersey Subclass").

25. Excluded from the Class and both Sub-Classes are persons who purchased such multivitamins for resale and employees of the Defendant.

26. Plaintiff reserves the right to create additional subclasses or classes, if necessary, and to revise these definitions to maintain a cohesive class that does not require individual inquiries to determine the Defendant's liability.

**COMMON QUESTIONS OF LAW AND FACT PREDOMINATE**

27. There are common questions of law and fact which are of general interest to the class. These common questions of law and fact predominate over any questions affecting only individual members of the class. Such common questions include, but are not limited to, the following:

a. Whether Defendant's multivitamin products actually contained all of the "essential" vitamins, including thiamin, riboflavin, niacin and vitamin K;

b. Whether the deliberate and deceitful marketing and labeling of the Defendant's multivitamin products violated the New Jersey Consumer Fraud Act;

c. Whether the deliberate and deceitful marketing and labeling of the Defendant's multivitamin products violated Florida's Deceptive and Unfair Trade Practices Act;

d. Whether Defendant warranted that its multivitamin products were "complete" and "essential" multivitamins; and

e. Whether Defendant breached these warranties.

**TYPICALITY AND NUMEROSITY**

28. The claims of the named Plaintiff are typical of the claims of the Class.

29. Based on information and belief, the total number of members of each putative Class and Sub-Class exceeds 100 members and is so numerous that separate joinder of each member is impracticable. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be ascertained through discovery. Class members may be notified

of the pendency of this action by mail and/or publication via the distribution records of Defendant and its third-party retailer partners.

**ADEQUATE REPRESENTATION**

30. Plaintiff will fairly and adequately protect the interests of the members of the Class and has no interest antagonistic to those of other Class members. Plaintiff has retained class counsel competent to prosecute class actions and such class counsel is financially able to represent the Class and Sub-Classes.

**SUPERIORITY**

31. The class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the classes is impracticable. The interests of judicial economy favor adjudicating the claims for the Plaintiff and the putative Class and Sub-Classes, rather than on an individual basis. The Class action mechanism provides the benefit of unitary adjudication, economies of scale and comprehensive supervision by a single court.

32. Questions of law and fact predominate over any questions affecting only individual members.

**COUNT ONE**
**BREACH OF EXPRESS WARRANTY**

33. Plaintiff adopts, re-asserts and incorporates all of the foregoing allegations as if fully set forth herein.

34. Pursuant to N.J.S.A § 12A:2-313, an express warranty is created by the seller of a good by "[a]ny description of the goods which is made part of the basis of the bargain . . . that the goods shall conform to the description."

35. Defendant expressly warranted, through its labeling and advertisement of the

products described herein, that they were "complete multivitamins."

36. However, all of the products described herein were lacking in thiamin, riboflavin, and Vitamin K, and a number of them were also lacking in niacin.

37. Therefore, Defendant breached the express warranty which accompanied its products by selling products that failed to conform to the descriptions of the products upon their labeling and advertisements.

38. As a direct and proximate result of the Defendant's breach of the express warranty, Plaintiff and class members have been injured as: (a) the Defendant's products, as described herein do not have the characteristics as promised and warranted by the Defendant; and (b) they would not have purchased the Defendant's products if they had known of the true facts of the product.

**COUNT TWO**
**BREACH OF IMPLIED WARRANTY**

39. Plaintiff adopts, re-asserts and incorporates all of the foregoing allegations as if fully set forth herein.

40. Defendants, as the designers, manufacturer's, marketers, distributors, and/or sellers, of their products, impliedly warranted that its Vitafusion and L'il Critter multivitamins are "complete" multivitamins.

41. Pursuant to N.J.S.A § 12A:2-314, an implied warranty of merchantability exists in any product sold, such that any good sold must:

a. Pass without objection in the trade under the contract description;

b. Be of fair average quality within its description;

c. Be fit for the ordinary purpose for which such goods are used;

d. Conform to the promises or affirmations of fact made on the container or label.

42. Defendant's product labeling promised or affirmed that its multivitamin products

were "complete multivitamins."

43. However, all of the products described herein were lacking in thiamin, riboflavin, and Vitamin K, and a number of them were also lacking in niacin.

44. Defendant breached the implied warranty implied in the contract for the sale of its Vitafusion and L'il Critter multivitamin products, because they could not pass without objection in the trade under the contract description, the goods were not of fair average quality within their description; the goods were not fit for the ordinary purpose for which such goods are used; and the goods do not conform to the promises or affirmations of fact made on the products' labels.

45. Due to Defendant's breach, Plaintiff and members of the putative class members, did not receive the goods as impliedly warranted by the Defendant to be merchantable.

46. Therefore, Defendant breached the implied warranty of merchantability by selling products that failed to conform to the promises or affirmations of fact made on their containers and labels.

47. As a direct and proximate result of the Defendant's breach of the implied warranty, Plaintiff and class members have been injured as: (a) the Defendant's products, as described herein do not have the characteristics as promised and warranted by the Defendant; and (b) they would not have purchased the Defendant's products if they had known of the true facts of the product.

## COUNT THREE
## VIOLATION OF NEW JERSEY'S CONSUMER FRAUD ACT

48. Plaintiff adopts, re-asserts and incorporates all of the foregoing allegations as if fully set forth herein.

49. Plaintiff, each Class Member and the Defendant are "persons" within the meaning of N.J.S.A. § 56:8-1.

50. The New Jersey Consumer Fraud Act ("NJCFA") provides that Defendant has a

duty not to engage in "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise . . ." N.J.S.A. § 56:8-2.

51. The business activities of Defendant described above constitute the sale or advertisement of merchandise within the meaning of the NJCFA. See N.J.S.A. § 56:8-1.

52. The Defendant has engaged in unconscionable commercial practices or deceptive acts or practices where its conduct regarding the marketing of its products as "complete" multivitamins lacked honesty in fact, fair dealing, and good faith or because it had the capacity to mislead consumers acting reasonably. As such, its conduct violates the NJCFA.

53. NJSA 56:8-2.11 provides that "Any person violating the provisions of the [NJCFA] act shall be liable for a refund of all monies acquired by means of any practice declared herein to be unlawful."

54. Due to Defendant's violation of the NJCFA, Plaintiff, Class Members and New Jersey Sub-Class Members have suffered ascertainable losses, and unless restrained, said individuals and others in the future will continue to suffer injury and harm.

55. As a direct and proximate result of the Defendant's violation of the NJCFA, Plaintiff and class members have been injured as: (a) the Defendant's products, as described herein do not have the characteristics as promised and advertised by the Defendant; and (b) they would not have purchased the Defendant's products if they had known of the true facts of the product.

**COUNT FOUR – FLORIDA SUB-CLASS ONLY**
**VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT**

56. Plaintiff adopts, re-asserts and incorporates all of the foregoing allegations as if fully set forth herein.

57. Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.* ("FDUTPA"), prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

58. The stated purpose of the FDUTPA is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202.

59. Plaintiff, and each member of the putative class, qualify as "consumers" under the FDUTPA (Fla. Stat. § 501.203(7)), and each has been harmed by the Defendant's unconscionable, deceptive, and unfair acts and practices of mislabeling their multivitamin products as "complete," while knowing that they did not contain certain essential vitamins which the U.S. government recommends children receive. The Defendant's misrepresentations, omissions and deceptive practices as set forth above and throughout this Class Action Complaint, are likely to mislead reasonable customers under the circumstances.

60. As a direct and proximate result of the Defendant's violation of the FDUTPA, Plaintiff and class members have been injured as: (a) the Defendant's products, as described herein do not have the characteristics as promised and advertised by the Defendant; and (b) they would not have purchased the Defendant's products if they had known of the true facts of the product.

WHEREFORE, Plaintiff prays for judgment on behalf of herself and on behalf of all other class members as follows:

A. Certifying the national class pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff Tammy DeVane as class representative, and appointing W. Lewis Garrison and Taylor C. Bartlett as class counsel;

B. Certifying the New Jersey sub-class pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff Tammy DeVane as class representative, and appointing W. Lewis Garrison and Taylor C. Bartlett as class counsel;

C. Certifying the Florida sub-class pursuant to Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff Tammy DeVane as class representative, and appointing W. Lewis Garrison and Taylor C. Bartlett as class counsel;

D. Entering a final decree and order declaring that the Defendant (1) breached the express and implied warranties associated with its Vitafusion and L'il Critters multivitamin products; (2) violated the New Jersey Consumer Fraud Act; and (3) violated the Florida Deceptive and Unfair Trade Practices Act.

E. Awarding reasonable costs and attorneys' fees to Plaintiff and his counsel;

F. Awarding applicable pre-judgment and post-judgment interest; and

G. Awarding such other relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

The Plaintiff hereby demands a trial by jury on all Counts and as to all issues.

Date: April 15, 2019

Respectfully submitted,
**HENINGER GARRISON DAVIS, LLC**

By: */s/ Taylor C. Bartlett*
Taylor C. Bartlett
W. Lewis Garrison, Jr.*
Mark Ekonen*
2224 First Avenue North
Birmingham, AL 35203
Telephone: (205) 326-3336
Facsimile: (205) 380-8072
taylor@hgdlawfirm.com
mark@hgdlawfirm.com

*Application for admission *pro hac vice* to be filed

**Attorneys for Plaintiff**

**LOCAL RULE 11.2 CERTIFICATION**

Pursuant to Local Civil Rule 11.2, the Plaintiffs certify that they are unaware of any other litigation that concerns the general matter in controversy.

*/s/ Taylor C. Bartlett*
Taylor C. Bartlett, N.J. Bar no. 142752015
Mark R. Ekonen
Heninger Garrison Davis, LLC
220 Saint Paul Street
Westfield, NJ 07090
Tel: 205-326-3336
Fax: 205-380-8085
taylor@hgdlawfirm.com
mark@hgdlawfirm.com